IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-23-D
No. 5:18-CV-232-D

| | |
|---|---|
| WILLIAM ELDRIDGE ASKEW, III, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On May 22, 2018, William Eldridge Askew, III ("Askew" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 180-month sentence [D.E. 174]. On May 29, 2018, Askew filed a second 2255 motion [D.E. 176]. On October 5, 2018, Askew filed a corrected 2255 motion [D.E. 179]. On May 8, 2019, the government moved to dismiss [D.E. 186] and filed a memorandum in support [D.E. 187]. On June 10, 2019, Askew moved for appointment of counsel [D.E. 189]. The same day, Askew responded in opposition to the government's motion to dismiss [D.E. 190].

On July 13, 2020, Askew moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 192] and filed exhibits [D.E. 193]. On December 8, 2020, Askew, through counsel, filed a memorandum in support and exhibits [D.E. 196, 197]. On December 21, 2020, the government responded in opposition [D.E. 200] and filed exhibits [D.E. 201, 202].

As explained below, the court grants the government's motion to dismiss, dismisses Askew's section 2255 motions, and denies Askew's motion for compassionate release.

I.

On October 28, 2015, a jury found Askew guilty of conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin (count one) and possession with intent to distribute a quantity of heroin and aiding and abetting (count two). See [D.E. 127]. On January 26, 2016, the court held the sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 149, 152, 153, 162]. After overruling Askew's objections, the court calculated Askew's total offense level to be 34, his criminal history category to be VI, and his advisory guideline range to be 262 to 327 months' imprisonment on count one and 240 months' imprisonment on count two. See [D.E. 153] 1; [D.E. 162] 5–13. After granting Askew's motion to vary down, and considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Askew to 180 months' imprisonment on each count to be served concurrently. See [D.E. 152] 3; [D.E. 153] 2–3; [D.E. 162] 14–25. Askew appealed [D.E. 154]. On December 20, 2016, the United States Court of Appeals for the Fourth Circuit affirmed. See United States v. Askew, 666 F. App'x 316, 321 (4th Cir. 2016) (per curiam) (unpublished); [D.E. 167].

In Askew's section 2255 motions, Askew argues that he received ineffective assistance of counsel because (1) counsel failed to move to suppress evidence obtained from Askew; (2) counsel failed to challenge the quantity of drugs attributed to Askew and "credibility determinations"; (3) counsel failed to challenge Askew's conspiracy conviction; and (4) counsel failed to investigate a plea agreement that would have resulted in a more lenient sentence. See [D.E. 174] 4–6; [D.E. 176] 3–14; [D.E. 179] 4–9.

2

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United

3

States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Askew must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

As for counsel's alleged failure to challenge Askew's conspiracy conviction, Askew cannot use section 2255 to recharacterize and relitigate claims he lost on direct appeal. See Bousley v. United States, 523 U.S. 614, 622–23 (1998); United States v. Frady, 456 U.S. 152, 164–65 (1982); Dyess, 730 F.3d at 360; United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Thus, the court dismisses Askew's claims concerning his conspiracy conviction. See Askew, 666 F. App'x at 319.

As for counsel's alleged failure to move to suppress evidence and to object to the drug weight and "credibility determinations," Askew has not plausibly alleged why counsel should have made

4

these motions and objections. Counsel's tactical decision not to make baseless objections or baseless motions is entitled to deference. See, e.g., Knowles v. Mirzayance, 556 U.S. 111, 124–28 (2009); Strickland, 466 U.S. at 687–91; United States v. Surginer, 64 F.3d 661, 1995 WL 494914, at *2 (4th Cir. 1995) (per curiam) (unpublished table decision). Moreover, even if not baseless or frivolous, counsel need not "raise every available nonfrivolous" argument to provide effective representation. See, e.g., Knowles, 556 U.S. at 126–27. Rather, counsel's "reasonable appraisal of a claim's dismal prospects for success" is reason enough not to raise it. Id. at 127. Accordingly, Askew has not plausibly alleged deficient performance.

Alternatively, Askew has not plausibly alleged prejudice. Specifically, Askew has not plausibly alleged that his proposed challenges would have been successful. Accordingly, Askew has not plausibly alleged "that, but for counsel's [alleged] unprofessional error[s], the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see Lee v. United States, 137 S. Ct. 1958, 1967–69 (2017); Hill v. Lockhart, 474 U.S. 52, 59 (1985); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). Thus, Askew has not plausibly alleged prejudice from the alleged errors, and his claims fail.

As for counsel's alleged failure to investigate a plea agreement that would have resulted in a lower sentence, Askew has no right to a plea agreement. See Weatherford v. Bursey, 429 U.S. 545, 561 (1977). Moreover, Askew has not plausibly alleged that his counsel failed to pursue a plea agreement, failed to communicate any proposed plea agreement, or that counsel gave erroneous advice about a plea agreement. Accordingly, Askew has not plausibly alleged deficient performance.

Alternatively, "[t]o show prejudice where a plea offer has lapsed or been rejected because of counsel's deficient performance, "a defendant must demonstrate a reasonable probability" he "would have accepted the earlier plea offer" had he been "afforded effective assistance of counsel."

5

Frye, 566 U.S. at 147. A defendant also must "show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." Id.

Askew has not plausibly alleged a reasonable probability that he would have accepted a plea agreement or that he would have received a lesser sentence. Askew's motion references an alleged plea agreement with a 180-month sentence that he rejected. Askew, however, does not allege that his counsel told him to reject the plea agreement and go to trial. Moreover, and in any event, even after trial, Askew received a downward variant sentence of 180 months' imprisonment on each count. Thus, Askew has not plausibly alleged a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea agreement with a 180-month sentence. Accordingly, Askew has failed to plausibly allege prejudice.

After reviewing the claims presented in Askew's motion, the court finds that reasonable jurists would not find the court's treatment of Askew's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

As for Askew's motion for compassionate release, on December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or

6

the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

        (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis

7

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus,

> of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

8

the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

On April 20, 2020, Askew submitted a compassionate release request. See [D.E. 192-5]. On April 28, 2020, Askew submitted another compassionate release request. See [D.E. 192-2, 196-

9

3]. On May 12, 2020, the warden denied Askew's requests. See [D.E. 192-6, 201]. On May 27, 2020, Askew submitted another compassionate release request. See [D.E. 192-3]. On May 29, 2020, Askew appealed the denial, but the BOP rejected his appeal on June 15, 2020. See [D.E. 193-1]. The government has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Askew's claim on the merits.

Askew seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Askew cites the COVID-19 pandemic, his age (47), his obesity, and his sleep apnea. See [D.E. 192] 12; [D.E. 192-3]; [D.E. 196] 7–8; [D.E. 196-6]; [D.E. 197]. Askew also cites the conditions at FCI Butner,[3] his rehabilitation efforts, his release plan, and that he has served over 55% of his sentence. See [D.E. 192] 6–8, 14–16; [D.E. 193-3]; [D.E. 193-4]; [D.E. 193-5]; [D.E. 196] 10–12, 15; [D.E. 196-5]; [D.E. 196-7]; [D.E. 196-8]; [D.E. 196-9]; [D.E. 196-11].

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Askew states that he suffers from sleep apnea and obesity, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Askew serves his sentence. Moreover, in December 2020, Askew tested positive for COVID-19 but remained asymptomatic. See [D.E. 200]

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

[3] Askew is incarcerated at USP Atlanta. See Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (search name field for "William Askew") (last visited June 24, 2021).

2; [D.E. 202]. Accordingly, reducing Askew's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Askew's medical conditions, Askew's rehabilitation efforts, and his release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Askew's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Askew is 47 years old and engaged in serious criminal conduct in 2013. See PSR ¶¶ 10–18. Askew is accountable for distributing 100.9 grams of heroin and 15 grams of marijuana. See id. ¶¶ 16, 18. Askew also is a violent recidivist with convictions for assault with intent to rob while armed, possession of a controlled substance (cocaine, heroin, or another narcotic) less than 50 grams, resist and obstruct, bank robbery, common law uttering, and breaking or entering. See id. ¶¶ 24–29. Moreover, Askew has a history of committing new crimes while on probation. See id. Nonetheless, Askew has taken some positive steps while incarcerated. See [D.E. 192] 14–15; [D.E. 193-3]; [D.E. 193-4]; [D.E. 193-5]; [D.E. 196] 10–12; [D.E. 196-5]; [D.E. 196-7]; [D.E. 196-8]; [D.E. 196-9]; [D.E. 196-11].

The court has considered Askew's exposure to and recovery from COVID-19, his age and medical conditions, his rehabilitation efforts, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412

11

(4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and to treat Askew, the section 3553(a) factors, Askew's arguments, the government's persuasive response, and the need to punish Askew for his serious criminal behavior, to incapacitate Askew, to promote respect for the law, to deter others, and to protect society, the court declines to grant Askew's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

As for Askew's request for home confinement, Askew seeks relief under the CARES Act. See [D.E. 192]. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). Thus, the court dismisses Askew's request for home confinement.

III.

In sum, the court GRANTS the government's motion to dismiss [D.E. 186], DISMISSES Askew's section 2255 motions [D.E. 174, 176, 179], DENIES a certificate of appealability, DENIES Askew's motion for compassionate release [D.E. 192], DISMISSES Askew's request for home confinement, and DENIES as moot Askew's motion for appointment of counsel [D.E. 189].

12

SO ORDERED. This 25 day of June 2021.

                                                                JAMES C. DEVER III
                                                                 United States District Judge